UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Duane Finstad, individually
and on behalf of similarly
situated persons,

Civ. No. 16-1172 (PAM/BRT)

Plaintiff,

v.

**MEMORANDUM AND ORDER**

MUY Pizza Minnesota, LLC,

Defendant.

This matter is before the Court on the parties' joint Motion for Approval of Settlement in this collective action brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.

Plaintiff Duane Finstad instituted this action alleging that his employer, Defendant MUY Pizza Minnesota, LLC, failed to reimburse him and other similarly situated delivery drivers for expenses they incurred using their personal vehicles to perform their jobs. The Court certified the case as a collective action (Docket No. 15), and during the opt-in period, 214 individuals filed consents to join Finstad as Plaintiffs.

The parties mediated their differences in February 2017 with retired United States Chief Magistrate Judge Arthur J. Boylan. That mediation resulted in the settlement agreement now before the Court. The settlement provides for a payment to each class member based on a formula that takes into account the number of deliveries each Plaintiff made during the class period and the rate at which each Plaintiff was reimbursed for

those deliveries, and provides for a minimum payment to guarantee that each Plaintiff receives some payment. The settlement also provides for a service award to Finstad, and for payment of Plaintiffs' counsel's fees and costs.

The Court reviews a FLSA collective-action settlement to ensure that the litigation involved a bona fide dispute and that the settlement is fair and equitable to all parties. King v. Raineri Constr., LLC, No. 4:14cv1828, 2015 WL 631253, at *2 (E.D. Mo. Feb. 12, 2015).

> In determining whether a settlement is fair and reasonable under FLSA, factors a court may consider include the stage of the litigation and amount of discovery exchanged, the experience of counsel, the probability of plaintiffs' success on the merits, any "overreaching" by the employer in the settlement negotiations, and whether the settlement was the product of arm's length negotiations between represented parties based on the merits of the case.

Id. All of these factors weigh in favor of approval of this settlement. The litigation had progressed past the discovery stage, so that the parties understood the strengths and weaknesses of their case. The parties are represented by experienced counsel. Claims of the type Plaintiffs raised had never before been litigated to a jury, and thus success was not assured. Given the involvement of retired Chief Magistrate Judge Boylan, there is little chance that Defendant overreached, and it is clear that the settlement was a product of arms' length negotiations.

The Court finds that the settlement represents a fair and reasonable compromise of a bona fide dispute. Accordingly, **IT IS HEREBY ORDERED that**:

1.  The Joint Motion (Docket No. 63) is **GRANTED**;

2.  The Settlement Agreement is **APPROVED**; and

3.      This matter is **DISMISSED with prejudice**, with no costs, fees or disbursements to any party except as set forth in the Settlement Agreement.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: <u>May 5, 2017</u>

<u>s/ Paul A. Magnuson</u>
Paul A. Magnuson
United States District Court Judge